UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO MIRANDA,

    Petitioner,

v.

G. LEWIS, warden,

    Respondent.
                                            /

No. C 12-3658 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Antonio Miranda, a prisoner incarcerated at Pelican Bay State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Miranda was convicted in Riverside County Superior Court of assault with a semi-automatic firearm on a peace officer and was sentenced in April 2003 to fifteen years in prison. He currently is housed in the security housing unit ("SHU") at Pelican Bay State Prison due to his validation as an associate or member of a prison gang. He does not challenge the validation in this action. Instead, he challenges a change in the law that has adversely affected the rate at which he earns time credits. He contends that an amendment to California Penal Code § 2933.6

and the California Code of Regulations has adversely impacted the rate at which he receives time credits on his sentence. Under the former law, SHU inmates like him were assigned to work group D-1 and were awarded one day of credit for every two days served; after the change in the law, those inmates were reassigned to work group D-2, and consequently ceased earning such credits. That, in turn, apparently will lengthen the time he spends in prison.

Miranda alleges that he filed petitions for writ of habeas corpus in the California courts raising his ex post facto claim. The California Supreme Court reportedly denied relief on June 13, 2012. Miranda then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his petition, Miranda contends that the change in the law that reduces his opportunity to earn time credits violated his right to be free of ex post facto laws. He indicates that he was able to earn more time credits under the version of the law in effect at the time he committed his crime and at the time he was validated as a gang associate. The Ex Post Facto Clause, U.S. Const., Art. I, § 10, cl. 1, forbids the states from statutorily cancelling time credits and making ineligible for early release any prisoner who previously was eligible. *See Lynce v. Mathis*, 519 U.S. 433, 446-49 (1997) (retroactive cancellation of prison credits had impermissible effect of lengthening period of incarceration in violation of Ex Post Facto Clause). Liberally construed, the petition states a cognizable claim for a violation of the Ex Post Facto Clause.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 28, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the administrative and state court record that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 31, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: July 19, 2012

SUSAN ILLSTON
United States District Judge

3