UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO MIRANDA,

    Petitioner,

    v.

G. LEWIS, warden,

    Respondent.

No. C 12-3658 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Antonio Miranda filed this *pro se* action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He claims that his constitutional right to be free of ex post facto laws was violated when prison officials applied to him a statute that had been amended as of January 25, 2010 to decrease the time credits he would earn in prison. The matter is now before the court for consideration of respondent's motion to dismiss the petition as untimely and procedurally barred. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it without need to reach the procedural default argument.

## BACKGROUND

Miranda was convicted in Riverside County Superior Court of assault with a semi-automatic firearm on a peace officer and was sentenced in April 2003 to fifteen years in prison. He currently is housed in the security housing unit ("SHU") at Pelican Bay State Prison due to his validation as an associate or member of a prison gang. He does not challenge the validation in this action. Instead, he challenges a change in the law that has adversely affected the rate at

which he earns time credits. He contends that an amendment to California Penal Code § 2933.6 and the California Code of Regulations has adversely impacted the rate at which he receives time credits on his sentence. Under the former law, SHU inmates like him were assigned to work group D-1 and were awarded one day of credit for every two days served; after the change in the law, those inmates were reassigned to work group D-2, and consequently ceased earning such credits. That, in turn, apparently will lengthen the time he spends in prison by extending his earliest possible release date ("EPRD") from March 25, 2016 to February 16, 2017. *See* Docket # 1, p. 8.

The potentially relevant dates are these: Section 2933.6 became effective January 25, 2010. On May 27, 2010, Miranda attended a classification hearing during which prison officials informed him that his credit earning status would "change from 1/3 credit earning status (D1) to zero credit earning status (D2) effective 1/25/2010." Docket # 14-2. On June 3, 2010, Miranda received a revised calculation worksheet that showed an EPRD as calculated under the new credit earning system pursuant to § 2933.6. *See* Docket # 1, pp. 6, 8; Docket # 1-1, pp. 6, 8 (calculation worksheet showing an EPRD of February 16, 2017); *See also* Docket # 8, p. 5 (petitioner received his calculation worksheet and a legal status summary indicating his status change on June 3, 2010; "This[,] petitioner contends, was when he was first aware of the legal significance of his situation").

Miranda did not file any administrative appeal regarding the change in credit earning status. *See* Docket # 7-4, p. 6 (arguing there is no need to exhaust because statute was applied statewide and "CDCR has no jurisdiction to ignore the law"). He did file state habeas petitions: his petition in the Del Norte County Superior Court was mailed for filing on November 2, 2011, and denied on February 3, 2012; his petition in the California Court of Appeal was filed on March 8, 2012, and denied on March 13, 2012; his petition in the California Supreme Court was signed on March 26, 2012, and denied on June 3, 2012. His federal petition has a proof of service indicating it was mailed on June 29, 2012.

Due to Miranda's status as a prisoner proceeding *pro se*, he receives the benefit of the

1 prisoner mailbox rule, which deems most documents filed when they are given to prison officials
2 to mail to the court rather than the day the document reaches the courthouse. *See Stillman v.*
3 *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, each
4 petition is deemed filed as of the day the proof of service shows it was mailed to the appropriate
5 court. As to any document without a proof of service, the court assumes for present purposes
6 that it was given to prison officials to mail on the date the inmate signed it. As to any document
7 without a proof of service or signature date, this court uses the actual filing date from the court
8 docket sheet.

## DISCUSSION

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as disciplinary decisions, i.e., the limitations period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[1] The one-year limitations period normally begins on the date the administrative decision becomes final. *See Shelby*, 391 F.3d at 1066 (limitations period began the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); *see also Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate"

---

[1]None of the other alternative starting dates in § 2244(d)(1) applies to Miranda's circumstances. That is, the limitations period for his challenge to § 2933.6's application to him did not start when his criminal conviction became final upon the conclusion of direct review; there was no state-created impediment to him filing a habeas action; and there was no newly recognized constitutional right involved. *See* 28 U.S.C. § 2244(d)(1)(A-C).

3

of the habeas claims is the finality of the adverse administrative decision, and not the denial of the state habeas petition. *See Redd*, 343 F.3d at 1082.

Miranda did not file an administrative appeal because he believed he did not need to file one for his challenge to the statewide change in credit-earning caused by the statutory amendment. *See* Docket # 7-4, p. 6. Since there was no inmate appeal, there was no final administrative decision, and the *Redd* rule cannot be applied. Instead, the appropriate date for the start of Miranda's limitations period is May 27, 2010, when he was informed that his credit earning status was changed and that, effective January 25, 2010, he would be receiving no credits. That is the date on which the factual predicate of claim was or could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). The one-year limitations period started the next day. The presumptive deadline for Miranda to file his federal habeas petition therefore was May 28, 2011.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Miranda is not entitled to any statutory tolling – unless there is equitable tolling of the limitations period to bridge the gap – because his first state habeas petition was not filed until November 2, 2011, more than five months after the one-year limitations period had expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows that

4

he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

Miranda contends that he should receive equitable tolling for the time during which he was in transition until late 2011 when he arrived in the actual security housing unit because he was without his paperwork and could not have prepared a "viable" administrative appeal or habeas petition. See Docket # 8, pp. 7-8. He contends that he remained in administrative segregation rather than the security housing unit from June 3, 2010 through November 8, 2011. *Id.* at 8. However, as he notes, he was able to and did prepare and mail his first state habeas petition while he was still in administrative segregation. *See id.* Miranda has not shown how he was prevented from filing a petition in the many months before November 2011. On May 30, 2010, he signed a form stating he had received all his personal property while he was still in administrative segregation, *see* Docket # 14-1, undermining his contention that he needed paperwork. Regardless of whether he had all his legal and personal property, he has not shown what paperwork he needed that he did not have. The situation here is not like the situation where an inmate wants to challenge a conviction and might need his trial transcripts and state appellate briefs to prepare his petition. If, as Miranda claims, he first learned in May or June 2010 that § 2933.6 was going to apply to him, there is no reason to suspect that older documents in his personal or legal property were necessary for him to prepare or file a petition challenging the application of § 2933.6 to him. The evidence in the record does not show that Miranda was attempting to pursue his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. He is not entitled to equitable tolling of the limitations period.

The one-year limitations period began on May 28, 2010, and the federal petition was not filed until June 29, 2012, more than thirteen months after the statute of limitations deadline had passed. (If one used June 3, 2010 – i.e., the date on which he received the calculation worksheet showing how § 2933.6 would impact his sentence – as the starting date, Miranda's federal petition would be too late, although a week less so.) The petition is barred by the habeas statute

of limitations.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 7.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: February 27, 2013

SUSAN ILLSTON
United States District Judge